FILED

JUL 16  11 16 AM '99

CLERK US DIST COURT
EASTERN DIST OF CALIF
AT FRESNO
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA M. NEVILLE, et al., | CV-F-99-5625 OWW DLB |
| Plaintiffs, | OPINION AND ORDER RE DEFENDANTS' MOTION TO DISMISS |
| v. | (Doc. 22) |
| CITY OF FRESNO, et al., | |
| Defendants. | |

I. INTRODUCTION

Defendants City of Fresno, Ed Winchester, Richard Hill, Ramiro Cruz, Brad Alcorn, Jason Serrano, Rudolpho Tafoya, Rick Harrell, Randy Dobbins, Greg Coleman, Marty West, Darryl Fifield, and Lydia Carrasco move to dismiss Plaintiff's complaint for failure to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) and lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

II. BACKGROUND

Plaintiffs Andrea Neville, Michael Thomas Neville, and the Estate of Thomas Neville, filed a complaint alleging civil rights violations pursuant to 42 U.S.C. § 1983, conspiracy to violate civil rights, 42 U.S.C. § 1985(3), and supplemental state tort

1

1  law claims arising from the May 9, 1998 shooting death of Thomas
2  Neville by officers of the Fresno Police Department.
3      Plaintiffs are citizens of Alaska. Defendants are citizens
4  of California. The court's subject matter jurisdiction is
5  alleged to exist under 28 U.S.C. §§ 1331 (federal question) and
6  1332 (diversity jurisdiction). Supplemental jurisdiction over
7  Plaintiffs' state law claims is alleged to exist under 28 U.S.C.
8  § 1367.
9      Defendants move to dismiss (1) Plaintiffs' first claim for
10 civil rights violations pursuant to 42 U.S.C. § 1983, (2)
11 Plaintiffs' second claim for conspiracy pursuant to 42 U.S.C. §
12 1985(3), and (3) all claims against defendant Carrasco for
13 failure to state a claim for which relief may be granted. If the
14 motion is granted as to all federal law claims, defendants seek
15 to dismiss Plaintiffs' supplemental state law claims for lack of
16 subject matter jurisdiction. Plaintiff filed opposition June 28,
17 1999. Defendants replied to Plaintiffs' opposition July 2, 1999.

18              III. **LEGAL STANDARD**

19      A motion to dismiss for failure to state a claim under
20 Federal Rule of Civil Procedure 12(b)(6) is disfavored and rarely
21 granted: "a complaint should not be dismissed for failure to
22 state a claim unless it appears beyond a doubt that the plaintiff
23 can prove no set of facts in support of his claim which would
24 entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78
25 S. Ct. 99, 102, 2 L. Ed. 2d. 80 (1957). In deciding a motion to
26 dismiss, the court "must accept as true all material allegations

in the complaint and construe them in the light most favorable to" the plaintiff. NL Industries v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). The court need not accept as true allegations that contradict facts which may be judicially noticed. Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir.), cert. denied, 486 U.S. 1040, 108 S.Ct. 2031, 100 L.Ed.2d 616 (1988). For example, matters of public record may be considered, including pleadings, orders, and other papers filed with the court or records of administrative bodies, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986), while conclusions of law, conclusory allegations, unreasonable inferences, or unwarranted deductions of fact need not be accepted. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981). Allegations in the complaint may be disregarded if contradicted by facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir.), cert. denied, sub nom., Wyoming Community Development Authority v. Durning, 484 U.S. 944, 108 S.Ct. 330, 98 L.Ed.2d 358 (1987).

## IV. DISCUSSION

A. ALLEGATIONS IN THE COMPLAINT

    Plaintiffs allege Thomas Neville, a former professional football player, began suffering delusions that individuals were going to kill him in Spring 1998. Thomas Neville allegedly left his residence in Alaska and came to Fresno, California, where his

friend, Brad Alcorn, resided. Plaintiffs allege on or about May 8, 1998, Thomas Neville became a patient at Cedar Vista Hospital, a psychiatric facility in Fresno, due to continuing delusions.

Plaintiffs allege Thomas Neville escaped from the facility and confined himself within a storeroom closet at the rental office of Oxford Park Apartments in Fresno. Thomas Neville's escape was reported to the Fresno Police Department Violent Crimes Suppression Unit, which found Neville in the closet. Plaintiffs allege the Violent Crimes Suppression Unit then asked Alcorn to act as a negotiator to coax Neville out of the closet. Plaintiffs contend Thomas Neville was unarmed while in the closet.

Plaintiffs allege when Thomas Neville exited the closet, he was confronted by members of the Violent Crimes Suppression Unit armed with shotguns. Plaintiffs allege the shotguns were loaded with both non-lethal beanbag rounds and lethal "40 caliber" department-issued rounds. Plaintiffs allege Thomas Neville charged the officers under a delusion he was in danger. The Violent Crimes Suppression Unit shot and killed Thomas Neville using the "40 caliber" rounds.

Plaintiff Andrea M. Neville, Thomas Neville's wife, brought this action in her capacity as executrix of Thomas Neville's estate; on behalf of Michael Thomas Neville, a minor; and herself. Plaintiffs claim the following: (1) deprivation of constitutional rights pursuant to 42 U.S.C. § 1983 resulting from the death of Thomas Neville; (2) conspiracy to deprive Plaintiffs

4

of civil rights pursuant to 42 U.S.C. § 1985(3); (3) state law assault and battery and negligence claims against the City of Fresno, the Fresno Police Department, and several police department employees; and (4) a state law negligence claim against Cedar Vista Hospital.

B. STANDING

Plaintiffs have the burden of alleging and proving standing. Northwest Envtl. Defense Ctr. v. Bonneville Power Association, 117 F.3d 1520, 1528 (9th Cir. 1997). Survival actions pursuant to 42 U.S.C. § 1983 are permitted if authorized by the applicable state law. See Smith v. City of Fontana, 818 F.2d 1411, 1416 (9th Cir. 1987). California law permits a survival action by the personal representative of the estate of the deceased or by the deceased's successor in interest. See Cal. Civ. Proc. Code § 377.60; see also Byrd v. Guess, 137 F.3d 1126, 1131 (9th Cir. 1998), *abrogated on other grounds by* County of Sacramento v. Lewis, 118 S.Ct. 1708 (1998).

Plaintiffs allege Andrea Neville has standing to assert a cause of action for the death of Thomas Neville. Defendants assert she lacks representative capacity to sue to recover damages for the estate. See Fed. R. Civ. P. 17 (capacity to sue). Plaintiffs contend Andrea Neville is the lawful wife of Thomas Neville and was appointed personal representative of the Estate of Thomas Neville on August 21, 1998 by the Superior Court for the State of Alaska, Fourth Judicial District at Fairbanks, case 4FA-98-424 PR. The Alaska court's order declaring Andrea

5

Neville the legal representative of Thomas Neville's estate is entitled full faith and credit in these proceeddings. See 28 U.S.C. § 1758; see also Robinson Rancheria v. Borneo, Inc., 971 F.2d 244, 250-51 (9th Cir. 1992). Andrea Neville has demonstrated she is a proper representative to sue on behalf of Thomas Neville's estate. Defendants' motion to dismiss claims asserted by Andrea Neville in her representative capacity on behalf of the estate of Thomas Neville is DENIED.

Plaintiffs also contend Michael Thomas Neville has standing to assert a survivorship claim for the wrongful death of Thomas Neville. Plaintiffs allege Andrea Neville was appointed Guardian ad Litem for Michael Thomas Neville in Alaska. While this judgment is to be respected in the district court, Plaintiffs allege Michael Thomas Neville is a minor child, but not that he (1) was a minor-child of Thomas Neville, (2) was a dependant of Thomas Neville, or (3) resided with Thomas Neville for 180 days prior to the alleged events. See Cal. Civ. Proc. Code § 377.60. Plaintiffs do not allege Michael Neville has standing to assert claims in his own right as a survivor of Thomas Neville or that Andrea Neville is a proper representative for the assertion of Michael Neville's claims. See Fed. R. Civ. P. 17(c). Defendants' motion to dismiss claims asserted by Michael Neville is GRANTED WITH LEAVE TO AMEND.

C. <u>FAILURE TO ALLEGE SPECIFIC CONSTITUTIONAL DEPRIVATIONS</u>

Defendants argue Plaintiffs' conclusory allegation that they were "depriv[ed] of constitutional rights in violation of 42

6

U.S.C. § 1983" (Compl., 6), without identification of any specific constitutional rights fails to state a cognizable federal claim for relief in the district court. A § 1983 claims depends on "federal rights elsewhere conferred." <u>Baker v. McCollan</u>, 443 U.S. at 144 n.3. Section 1983 "establishes a unique, or at least distinctive, cause of action, in that the legal duty which is the basis for relief is ultimately defined not by the claim-creating statute itself, but by an extrinsic body of law to which the statute refers, namely, 'federal rights elsewhere conferred.'" <u>City of Monterey v. Del Monte Dunes at Monterey, Ltd.</u>, 119 S.Ct. 1524 (1999)(quoting <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3, 99 S.Ct. 2689, 2695 n.3, 61 L.Ed.2d 433 (1973)). To state a claim under 42 U.S.C. § 1983, specific constitutional rights must be identified. <u>Graham v. O'Connor</u>, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

Although the complaint does not explicitly refer to specific constitutional amendments, Plaintiffs use the words "excessive force," "unreasonable search and seizure," and "due process" to describe the harm defendants inflicted on them. The Fourth Amendment of the U.S. Constitution provides: "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The protections of the Fourth Amendment have been made applicable

to the states through the Fourteenth Amendment. See Wolf v. Colorado, 338 U.S. 25, 69 S.Ct. 1359, 93 L.Ed.2d 1782 (1949). Even without stating that defendants violated the Fourth Amendment, the complaint is sufficiently plead such that defendants can form a response to the claims alleged. See Fed. R. Civ. P. 8. The Fourteenth Amendment of the U.S. Constitution provides in part:

> No state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const., Am. 14, § 1.

42 U.S.C. § 1983 is the lineal descendent of section 1. Its formal title was "An Act to Enforce the Provisions of the Fourteenth Amendment to the Constitution of the United States, and for Other Purposes." 17 Stat. 13. The Act was passed "for the express purpose" of enforcing the provisions of the Fourteenth Amendment. Lynch v. Household Finance Corp., 405 U.S. 538 (1972). Section 1983 protects rights secured by the Fourteenth Amendment. See Daniels v. Williams, 474 U.S. 327 (1986). Construing Plaintiffs' complaint "to do substantial justice," see Fed. R. Civ. P. 8(f), Plaintiffs state a cognizable claim under the Fourth and Fourteenth Amendments for use of excessive force resulting in an unlawful seizure amounting to a deprivation of life. Defendants' motion to dismiss Plaintiffs' first claim for lack of specificity is DENIED.

D. **THE COMPLAINT FAILS TO ALLEGE THE STATE ACTION AT ISSUE "SHOCKS THE CONSCIENCE" AS REQUIRED UNDER FEDERAL LAW SO AS TO STATE A SUBSTANTIVE DUE PROCESS CLAIM**

Actions under 42 U.S.C. § 1983 accrue to relatives of the person whose constitutional rights were infringed if the relatives assert a substantive due process claim. Smith v. Fontana, 818 F.2d 1411, 1417-18 (9th Cir.), cert. denied, 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987). To support a substantive due process claim for the loss of a relative, a plaintiff must allege conduct that is "shocking to the conscience." Lewis, 118 S.Ct. at 1717.

Plaintiffs allege defendants were "deliberately indifferent" to Thomas Neville's rights and acted with "conscious or reckless disregard" to the consequences of their actions. See Smoot v. City of Placentia, 950 F.Supp. 282, 283-84 (C.D. Cal. 1997); (Pls.' Opp'n to Mot. to Dismiss, 8-9). Smoot is not controlling on this court and insofar as it utilizes the deliberate indifference standard, has been disavowed by Lewis, which effectively raises the standard of culpability for substantive due process claims for relatives to the level of "shocking to the conscience." Lewis, 118 S.Ct. at 1717.

Lewis involved a high-speed chase resulting in the death of a suspect. The Supreme Court found the police officers' behavior during the high-speed chase, running into the suspect with a patrol vehicle, was reckless, but did not "shock the conscience" because it was related to the arrest. Id. at 1712. "[O]nly a

1  purpose to cause harm unrelated to the legitimate object of
2  arrest" constitutes a "shock to the conscience."  Id. at 1711-12.
3      Plaintiffs allege defendant Carrasco's culpability rises to
4  the level of "deliberate indifference" because (1) she failed to
5  come to the scene and act as negotiator, (2) she failed to call
6  another adequately trained negotiator to the scene, and (3) she
7  authorized the use of Alcorn to act as negotiator.  Plaintiffs do
8  not allege any "purpose to cause harm unrelated to the legitimate
9  object of arrest."  Id.  A failure to adequately respond to the
10 incident may constitute negligence, but, as to defendant
11 Carrasco, there are no allegations of conduct so egregious it
12 "shocks the conscience."
13     Andrea and Michael Thomas Neville's substantive due process
14 claims asserted in their individual capacities as survivors of
15 Thomas Neville's estate are DISMISSED WITH LEAVE TO AMEND.
16 Andrea and Michael Neville do not have standing to allege
17 constitutional violations for loss of Thomas Neville's
18 companionship other than those arising under substantive due
19 process.  See Smith, 818 F.2d at 1417-18.  Andrea and Michael
20 Thomas Neville's individual claims in their own right seeking
21 relief pursuant to 42 U.S.C. § 1983 as to all other
22 constitutional claims are DISMISSED WITH PREJUDICE.
23 ///
24 ///
25 ///
26 ///

1 E. <u>PLAINTIFFS' CIVIL RIGHTS CONSPIRACY CLAIM FAILS BECAUSE
2 PLAINTIFFS HAVE NOT ADEQUATELY ALLEGED FACTS TO SUPPORT A §
3 1985(3) CLAIM</u>

4      To state a claim for conspiracy under 42 U.S.C. § 1985(3) a
5 plaintiff must allege (1) a conspiracy; (2) to deprive, either
6 directly or indirectly, any person or class of persons equal
7 protection of the laws, equal privileges and immunities under the
8 laws; (3) an act in furtherance of the conspiracy; and (4) that
9 plaintiff was injured, lost property, or was deprived of having
10 and exercising any right or privilege of a citizen of the United
11 States due to the conspiracy. <u>Griffin v. Breckenridge</u>, 403 U.S.
12 88, 102-103, 92 S.Ct. 1790, 1798 (1971); <u>National Abortions Fed'n
13 v. Operation Rescue</u>, 8 F.3d 680, 681 (9th Cir. 1993). "A general
14 allegation of conspiracy without factual specificity is
15 insufficient."  <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839
16 F.2d 621, 626 (9th Cir. 1988).

17      Plaintiffs do not allege an agreement to violate civil
18 rights based on racial or class-based animus.  In their
19 opposition brief, Plaintiffs withdrew their conspiracy claim.
20 (Pls.' Opp'n to Mot. To Dismiss, 10).  Plaintiffs' second claim
21 for relief is DISMISSED WITH PREJUDICE.
22 F. <u>DEFENDANT CARRASCO</u>

23      Defendants move to dismiss all state and federal law claims
24 against defendant Carrasco because she had no duty of care for
25 Thomas Neville.  In the complaint, Plaintiffs allege the
26 following:

11. Defendants, LYDIA CARRASCO and DOES 1-50 are sued individually and in their capacity as a law enforcement officer [sic] as well as the crisis negotiator on duty at the time of the acts set forth herein on behalf of the Fresno City Police Department. At all times relevant herein, said Defendants were acting under color of state law. Said Defendants are hereinafter designated as a "City Defendant." [sic]

. . . .

30. Defendants, LYDIA CARRASCO and DOES 1-50 were trained negotiators working for the Defendant, CITY OF FRESNO. Said Defendants were called, pursuant to the policy of the Fresno Police Department. Defendant, LYDIA CARRASCO, failed to respond to the scene of the incident or to request other negotiators to attend as a negotiator at the time of the incident.

1. "Special Relationship" Under Federal Law

Plaintiffs allege Carrasco violated their civil rights when she failed to act as a negotiator for the Violent Crimes Suppression Unit when they responded to the call that Thomas Neville barricaded himself in a closet. Under federal law, there is no general constitutional duty for state officers to protect members of the public at large from harm. Martinez v. California, 444 U.S. 277, 284-85, 100 S.Ct. 553, 558-59, 62 L.Ed.2d 481 (1980); Ketchum v. County of Alameda, 811 F.2d 1243, 1247 (9th Cir. 1987). A duty may arise with the creation of a "special relationship" between the state officer and a particular member of the public. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 700 (9th Cir. 1990); Ketchum, 811 F.2d at 1427. The following factors are considered: "(1) whether the state created or assumed a custodial relationship toward the plaintiff; (2)

1 | whether the state affirmatively placed the plaintiff in a
2 | position of danger; (3) whether the state was aware of a specific
3 | risk of harm to the plaintiff; or (4) whether the state
4 | affirmatively committed itself to the protection of the
5 | plaintiff." Balistreri, 901 F.2d at 700 (citing Ketchum, 811
6 | F.2d at 1247).

### A. Custodial Relationship

Plaintiffs argue the state assumed a "custodial relationship" over Thomas Neville when officers surrounded the closet. The Seventh Circuit recently clarified the scope of a "custodial relationship" between a police officer and a suspect:

> In order to establish a custodial relationship, a [person] must either show that he or she was formally arrested, or that he or she was subjected to restraints of freedom such that the conditions of a formal arrest were closely approximated or actually attained . . . . In the latter case, the test is not whether the [person] was under a subjective belief that his or her movements were restricted, but whether a reasonable person in [that] position would believe that he or she was free to leave. Thus, there is no 'seizure' subject to the Fourth Amendment unless a reasonable person [] would have believed that he was not free to ignore [the police] and continue on his way; the test is objective.

United States v. Wyatt, No. 98-2141, 1999 WL 357473, *3 (7th Cir. May 27, 1999)(opinion to be reported in Federal Reporter, 3d Series, copy attached)(quoting United States v. Lennick, 917 F.2d 974, 977 (7th Cir. 1990)).

Arguably Thomas Neville was not "free to leave" the rental office without being taken into custody. A custodial relationship existed with respect to the officers at the scene of

the incident. Plaintiffs admit Carrasco was not physically present to assist officers at the scene. It is unclear from the complaint how Carrasco specifically created a custodial relationship with Neville because she could not have taken physical custody or physically restrained Neville.

### B. Affirmative Placement into a Dangerous Situation

Plaintiffs allege Carrasco was a trained negotiator whose presence was requested by the officers on the scene to assist with apprehending Neville, but Carrasco failed to properly respond to the call. Plaintiffs allege Alcorn, an officer at the scene of the incident who knew Thomas Neville, was improperly used by the Violent Crimes Suppression Unit as an untrained negotiator. Plaintiffs fail to specifically cite a Fresno Police Department policy or other rule establishing a duty to require a trained negotiator to respond to such calls. Plaintiffs fail to allege Carrasco placed Thomas Neville "in a position of danger." Balistreri, 901 F.2d at 700.

### C. Awareness of a Specific Risk of Harm

Defendants claim because Carrasco was not at the scene of the incident, she was not "aware of a specific risk of harm" to Thomas Neville. Id. Plaintiffs only allege Carrasco was contacted regarding the situation. Plaintiffs fail to allege if and how Carrasco became "aware of a specific risk of harm" to Thomas Neville. Id.

///
///

14

D. <u>Affirmative Commitment to Thomas Neville's Safety</u>

Defendants also claim because Carrasco had no direct or actual contact with Thomas Neville, Carrasco did not "affirmatively commit" herself to the protection of Thomas Neville. <u>Id.</u> Plaintiffs fail to specifically allege an "affirmative commitment" to Thomas Neville on the part of Carrasco.

Defendants' motion to dismiss for failure to state a claim is GRANTED WITH LEAVE TO AMEND as to all federal claims against defendant Carrasco.

2. <u>"Special Relationship" Under State Law</u>

Defendants contend Carrasco also owed Thomas Neville no duty of care under state law because no "special relationship" was created. Under California law, a person is under no legal duty to come to the aid of another "no matter how great the danger in which the other is placed, or how easily he could be rescued, unless there is some relationship between them which gives rise to a duty to act." <u>Benevidez v. San Jose Police Dep't</u>, 84 Cal. Rptr. 2d 157, 161 (Cal. Ct. App. 1999). However, a "special relationship may be created when police engage in affirmative acts that increase the risk of harm to others." <u>Id.</u> at 162.

Defendants argue because Plaintiffs do not allege Carrasco had actual contact with Thomas Neville, promising to provide him protection, Carrasco created no "special relationship." Plaintiff fails to allege facts that establish any "special relationship existed. Defendants' motion to dismiss for failure

to state a claim is GRANTED WITH LEAVE TO AMEND as to all state claims against defendant Carrasco.

G. **SUPPLEMENTAL STATE LAW CLAIMS**

Defendants claim Plaintiffs' supplemental state claims must be dismissed if Plaintiffs' federal claims are dismissed because federal subject matter jurisdiction is lacking. <u>United Mines Workers v. Gibbs</u>, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); <u>Jones v. Community Redevelopment Agency</u>, 733 F.2d 646, 651 (9th Cir. 1984).

Plaintiffs allege they are citizens of Alaska. All defendants are allegedly citizens of California. No defendant is allegedly a citizen of Alaska. The amount alleged to be in dispute is in excess of the jurisdictional minimum. Even if Plaintiffs fail to state a federal question, federal subject matter jurisdiction is properly alleged under the diversity of citizenship statute pursuant to 28 U.S.C. § 1332. Defendants' motion to dismiss is DENIED with regard to state law claims.

V. **CONCLUSION**

IT IS ORDERED:

1. Defendants' motion to dismiss Plaintiffs' first claim for lack of standing as to Andrea Neville is DENIED;

2. Defendants' motion to dismiss Plaintiffs' first claim for lack of standing as to Michael Thomas Neville is GRANTED WITH LEAVE TO AMEND;

3. Defendants' motion to dismiss Plaintiffs' first claim is DENIED as to Plaintiffs' Fourth and Fourteenth Amendment

claims;

4. Defendants' motion to dismiss Andrea and Michael Thomas Neville's substantive due process claim is DENIED;

5. Andrea and Michael Thomas Neville's individual claims in their own right seeking relief pursuant to 42 U.S.C. § 1983 as to all other constitutional claims are DISMISSED WITH PREJUDICE;

6. Defendants' motion to dismiss Plaintiffs' second claim for relief is GRANTED WITH PREJUDICE;

7. Defendants' motion to dismiss for failure to state a claim is GRANTED WITH LEAVE TO AMEND as to all federal claims against defendant Carrasco;

8. Defendants' motion to dismiss for failure to state a claim is GRANTED WITH LEAVE TO AMEND as to all state claims against defendant Carrasco;

9. Defendants' motion to dismiss supplemental state law claims is DENIED;

10. Any amended complaint shall be filed within 20 days following date of service of this decision.

SO ORDERED.

DATED: July 15, 1999.

Oliver W. Wanger
UNITED STATES DISTRICT JUDGE

United States District Court
for the
Eastern District of California
July 19, 1999

\* \* CERTIFICATE OF SERVICE \* \*

1:99-cv-05625

Neville

   v.

City of Fresno

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Eastern District of California.

That on July 19, 1999, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office, or, pursuant to prior authorization by counsel, via facsimile.

Russell Dale Cook
5717 N West Ave
Ste 103
Fresno, CA  93711

OWW    DLB

Rosemary T McGuire
Weakley and Ratliff
1630 E Shaw Ave
Suite 176
Fresno, CA  93710

George LeeVon Chingas Jr
Porter Scott Weiberg and Delehant
PO Box 255428
350 University Avenue
Suite 200
Sacramento, CA  95865


Jack L. Wagner, Clerk

BY: _____
    Deputy Clerk